UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IVELISSE BISHCOFF, | Case No. 2:21-cv-01707-NJK |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 18, 20] |
| KILOLO KIJAKAZI, | |
| Defendant. | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 18. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 20, 22. Plaintiff filed a reply. Docket No. 23. The parties consented to resolution of this matter by the undersigned magistrate judge. *See* Docket No. 3.

**I.    STANDARDS**

   A.    <u>Disability Evaluation Process</u>

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). The disability determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(b), 416.920(b).[1]  The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.  There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities.  20 C.F.R. §§ 404.1520(e), 416.920(e).  The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g).

      B.    Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits.  42 U.S.C. § 405(g).  The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision.  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).  Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019).  "[T]he threshold for such evidentiary sufficiency is not high."  *Id.*

**II.**    **BACKGROUND**

      A.  Procedural History

On April 16, 2019, Plaintiff filed applications for disability insurance benefits, and supplemental security income, with an onset date of January 1, 2013.  *See, e.g.*, Administrative

---

[1] The five-step process is largely the same for both Title II and Title XVI claims.  For a Title II claim, however, a claimant must also meet insurance requirements.  20 C.F.R. § 404.130.

Record ("A.R.") 366-375.[2] The Commissioner denied Plaintiff's claims initially and on reconsideration. A.R. 171-270. *See also* A.R. 278-282, 284-287. On May 5, 2020, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 303-304. On January 7, 2021, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ David K. Gatto. *See* A.R. 57-77. On February 3, 2021, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 36-50. On August 4, 2021, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

On September 15, 2021, Plaintiff commenced this action for judicial review. Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920 A.R. 36-50. At step one, the ALJ found that Plaintiff met the insured status requirements through June 30, 2016, and has not engaged in substantial gainful activity since the alleged onset date. A.R. 39. At step two, the ALJ found that Plaintiff has the following severe impairments: hypertension, fibromyalgia, spinal disorder, right shoulder disorder, carpal tunnel syndrome, sensorineural hearing loss, diabetes mellitus, bipolar II disorder, psychotic disorder, depressive disorder, anxiety disorder, and somatic symptom disorder. A.R. 39. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 39-42. The ALJ found that Plaintiff has the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with no climbing of ladders, ropes, or scaffolds; frequent balancing; occasional stooping, kneeling, crouching, and crawling; frequent handling and fingering; frequent pushing and pulling with the right arm; no exposure to temperature extremes, vibrations, wetness, or hazards such as unprotected heights or dangerous moving machinery; and, due to hearing loss, the work would be

---

[2] Plaintiff had filed four previous applications for benefits that were denied. *See* A.R. 172. As to the onset date for the present applications, at the hearing in front of the administrative law judge, Plaintiff amended the alleged onset date for her applications to May 1, 2016. A.R. 36, 60.

> performed in an environment with a moderate noise level, such as found in an office or retail setting. Despite mental impairment, the claimant would still be able to understand, carry out, and remember work instructions, use judgment to make work related decisions, and could occasionally interact with supervisors, coworkers, and members of the general public in brief, casual encounters, and adapt to occasional, routine change in a work setting to perform simple work tasks.

A.R. 42. *See also* A.R. 42-48. At step four, the ALJ found Plaintiff is unable to perform any past relevant work as a cashier, cashier II, or change person. A.R. 48. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. A.R. 48-50. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 at the time of the alleged disability onset date, and as having at least a high school education. A.R. 48. The ALJ found the transferability of job skills to be immaterial. AR. 49. The ALJ considered the Medical-Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a housekeeping cleaner and merchandise maker. A.R. 49-50.

Based on these findings, the ALJ found Plaintiff not disabled through the date of the decision. A.R. 50.

**III.   ANALYSIS**

Plaintiff raises a single issue on appeal: that the ALJ erred in the weight he accorded Dr. Short's opinions about Plaintiff's mental limitations, resulting in an improper residual functional capacity determination. Docket No. 18 at 6-9. Plaintiff submits that the ALJ improperly rejected part of Dr. Short's opinion because the ALJ did not state a logical and rational basis for discounting Dr. Short's assessments. *Id.* Specifically, Plaintiff submits that the ALJ erred by expressing concern that Dr. Short used the word "probably" in expressing opinions as to Plaintiff's capability and, therefore, found his opinion only mostly persuasive. *Id.* at 7-8. Plaintiff submits that the ALJ needed to articulate a specific reason beyond this concern for discrediting Dr. Short's opinion that Plaintiff could probably not sustain detailed tasks without special supervision and that, because he did not, the residual functional capacity the ALJ found and the questions he posed to the vocational

4

expert were improper. *Id.* at 8. Plaintiff asks the Court to remand the case for further administrative proceedings and to direct the ALJ to credit Dr. Short's opinions. *Id.* at 9.

In response, the Commissioner submits that the ALJ properly assessed Dr. Short's opinion and that the weight he afforded it was supported by substantial evidence. Docket No. 20 at 6-13. The Commissioner submits that the changes to the Social Security regulations, which went into effect prior to Plaintiff filing her application for benefits, drastically change the manner and method in which ALJs consider the medical and opinion evidence before them. *Id.* at 6-10. The Commissioner further submits that the ALJ properly articulated the consistency and supportability factors required of him when assessing the weight he gave Dr. Short's opinion. *Id.* at 10-11. The Commissioner submits that the ALJ's determinations as to the weight of Dr. Short's opinion is supported by substantial evidence because other evidence submitted for consideration supports the ALJ's findings about Plaintiff's mental limitations and because the ALJ properly considered other opinions, which Plaintiff does not contest, that contained contradictory findings while crafting the residual functional capacity. *Id.* at 11-13. The Commissioner asks the Court to affirm the ALJ's determination that Plaintiff was not disabled and to deny Plaintiff's request for remand. *Id.* at 13.

In reply, Plaintiff submits that the ALJ should have provided an articulated reasoning for the weight he afforded Dr. Short's opinion, particularly since the ALJ was weighing the opinion evidence of two experts, Dr. Short and Dr. Foerster. Docket No. 23 at 3-4. Plaintiff asks the Court to reverse the ALJ's decision and remand the case for further administrative proceedings. *Id.* at 4.

The Social Security regulations were updated and amended in 2017. The new agency regulations, effective March 27, 2017, apply to Plaintiff's case. Under these new regulations, the ALJ will no longer "give any specific evidentiary weight, including controlling weight, to any medical opinion(s)…" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. *Id.* When evaluating the persuasiveness of medical opinions, the ALJ must consider factors articulated in the regulations, including supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding," including but not limited to "evidence showing

5

a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(b)(2). The two most important factors in this assessment are consistency and supportability and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ can, but is not required to, discuss how the other factors were considered. *Id.* If the medical opinion includes evidence on an issue reserved to the Commissioner, the ALJ need not provide an analysis of the evidence in his decision, even in the discussions required by 20 C.F.R. §§ 404.1520c, 416.920c. *See* 20 C.F.R. §§ 404.1520b(c)(3), 415.920b(c)(3).

Under the new regulations, a medical opinion is "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in abilities." 20 C.F.R. § 404.1513(a)(2). Judgments about "the nature and severity of [a claimant's] impairments, [his] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis" are all considered "other medical evidence" under the regulations and are not considered medical opinion because they do not provide perspectives about the claimant's functional limitations and abilities. *See* 20 C.F.R. § 404.1513(a)(c), 81 F.R. 62562.

Recently, the Ninth Circuit issued guidance regarding the treatment of physicians' opinions after the implementation of these revised guidelines. *See Woods v. Kijakazi*, 32 F.4th 785, 2022 U.S. App. LEXIS 10977 (9th Cir. 2022). The Court found that its prior case law requiring that treating and examining physician's opinions be given particular deference and that opinions be rejected only for specific and legitimate reasons was irreconcilable with the amended regulations. *Woods*, 2022 U.S. App. LEXIS 10977, at *14-15. Instead, the Court held, the ALJ must provide an explanation supported by substantial evidence when rejecting an opinion. *Id.* at *15. The explanation "must articulate how persuasive it finds all of the medical opinions from each doctor . . . and explain how it considered the supportability and consistency factors in reaching those findings." *Id.* (internal citations omitted).

Here, in crafting Plaintiff's residual functional capacity, the ALJ considered the opinions of Dr. Mark Short and Dr. Lisa Foerster, both consultative examiners who specifically wrote reports as to Plaintiff's four areas of mental functioning. A.R. 47-48. The ALJ also considered the prior administrative findings of Disability Determination Services consultants. A.R. 46.[3]

Dr. Mark Short assessed Plaintiff on March 30, 2022. A.R. 1676-1683. He opined that Plaintiff "appears to retain sufficient cognitive resources to sustain simple employment . . . and her mental disorder(s) currently appear to consistently impact her functioning to a moderate degree." A.R. 1681. In terms of Plaintiff's limitations, Dr. Short opined that Plaintiff would have "moderate difficulty responding consistently and appropriately to work pressure in a work setting and working in coordination with and in close proximity to others without conflict, distress, confusion, or distraction. . .." *Id.* He further opined that consistent treatment would help lessen these symptoms. *Id.*

As to Plaintiff's specific areas of functioning, Dr. Short opined that Plaintiff "would probably be able to consistently understand, and to consistently remember, but not consistently carry out complex and detailed tasks without special supervision." A.R. 1680. He further opined that Plaintiff "could probably understand and remember simple and most detailed instructions and could carry out simple but not detailed tasks without special supervision." *Id.* Dr. Short opined that Plaintiff would "probably" be unable to sustain attention and concentration for most detailed and complex tasks without special supervision, but that she could "probably" sustain attention and concentration for simple tasks. *Id.* Finally, Dr. Short opined that Plaintiff only has a mild difficulty in interacting with supervisors, peers, and the public and appears able to adhere to basic standards of neatness and cleanliness. *Id.*

The ALJ discussed Dr. Short's opinions at length, including highlighting his conclusions as to Plaintiff's limitations in each of the four areas of mental functioning. A.R. 47. In evaluating the weight to give Dr. Short's opinions as to Plaintiff's mental limitations, the ALJ found the

---

[3] The Court will not discuss at length the ALJ's discussion of the prior administrative findings, as the parties do not contest any part of his analysis of this evidence. The ALJ found these opinions mostly persuasive insofar as the opinions were consistent with the longitudinal record as to Plaintiff having moderate mental limitations. A.R. 47.

opinion mostly persuasive. *Id.* The ALJ stated that this opinion was mostly persuasive because some of the opinions Dr. Short proffered about Plaintiff's ability to complete certain tasks were discussed as "probably," which is not a concrete opinion. *Id.* The ALJ also noted that the record before him indicates more than a mild social interaction limitation. *Id.* The ALJ concluded that "insomuch as the . . . limitations correspond to mild-to-moderate mental limitations, they are at least broadly consistent with the longitudinal record." *Id.*

Dr. Lisa Foerster assessed Plaintiff on July 30, 2018. A.R. 572-76. She opined that Plaintiff "does not have the overall ability to understand, remember, and carry out an extensive variety of complex instructions..." A.R. 575. She further opined that Plaintiff could understand, remember, and carry out detailed instructions and simple one-or-two-step instructions. *Id.* Dr. Foerster opined that Plaintiff could interact appropriately with supervisors and coworkers, but not with the general public. *Id.* Finally, she assessed that Plaintiff "does not have the ability to maintain concentration to carry out complex and detailed instructions," but that she does have the ability to carry out simple instructions. *Id.*

In evaluating the opinion evidence provided as to Plaintiff's mental limitations, the ALJ also discussed the opinion offered by Dr. Lisa Foerster at length. A.R. 48. The ALJ found Dr. Foerster's opinion to be mostly persuasive. *Id.* In discussing the weight to be afforded to her opinion, the ALJ highlighted that her opinion as to Plaintiff's interactions with others was contradicted by the longitudinal record. *Id.* However, the ALJ concluded that "insomuch as Dr. Foerster's opinion equates to generally moderate mental limitations, it is at least broadly consistent with the longitudinal record." *Id.*

Considering the entire record, the Court finds that substantial evidence supports the ALJ's determination about the proper weight to afford Dr. Short's opinion as to Plaintiff's mental limitations. In weighing Dr. Short's opinion, the ALJ specifically highlighted what he found to be supported by the record before him and what he found consistent with or inconsistent with other evidence, as required by the Social Security regulations. A.R. 47. The ALJ also discussed the other evidence in the record he considered, including Plaintiff's own function reports, hearing testimony, treatment records, and other medical reports. *Id.*

8

Plaintiff's own reports indicate that most of her mental limitations stem from pain and generally reflect an evaluation that Plaintiff can get along with others, does not handle stress will, has some difficulty with instructions and attention span, and can finish tasks. *See, e.g.*, A.R. 441-43, 462-63. Treatment notes consistently report Plaintiff as being cooperative, appropriate in mood and affect, and expressing normal judgment. A.R. 521, 547, 631, 646, 666, 686, 711, 758, 854, 862, 871, 874, 902, 935, 960, 980, 1062, 1082, 1117, 1143, 1163, 1181, 1196, 1214, 1230, 1255, 1276, 1308, 1667, 1671, 1686, 1688, 1691, 1704. Plaintiff's testimony established that she occasionally has anxiety attacks, has some problems concentrating, and has depression from her bipolar disorder that makes it difficult for her to feel motivated. A.R. 65-67. However, while treatment notes occasionally indicate that Plaintiff has anxiety, the same notes indicate that she has no associated symptomology, displayed oriented, normal thoughts and mood, and that she is medicated with Xanax to control her anxiety. *See, e.g.*, A.R. 952, 1011, 1060, 1319, 1372, 1472-73, 1475, 1479, 1486, 1492-93, 1499, 1506-07, 1512, 1518-19, 1525-26, 1532-33, 1539-40, 1547-48, 1555-56, 1564-65, 1574-75, 1584-85, 1594-95, 1603-04, 1611-12, 1618-19, 1626-27, 1635, 1642, 1649, 1667, 1686, 1691, 1696, 1723, 1731, 1737, 1744, 1752, 1759, 1767, 1775, 1783.

Considering this evidence alongside the opinion evidence offered by Dr. Mark Short and Dr. Lisa Foerster, the Court finds that it was reasonable for the ALJ to determine that some of the evidence undermined the opinions offered by Dr. Short and, accordingly, afford the opinion mostly persuasive weight. The Court finds that the ALJ appropriately discussed how he considered the supportability and consistency of both Dr. Short's opinion and Dr. Foerster's opinion as required by the new regulations because, for each opinion, the ALJ offered specific reasons that the opinion was or was not supported by and consistent with the longitudinal record. The Court further finds that the ALJ's determination as to Dr. Short's opinion was supported by substantial evidence. Accordingly, Plaintiff is not entitled to remand on the basis that the ALJ did not properly consider and weigh the opinion of Dr. Short.

. . . . .

. . . . .

. . . . .

### III. CONCLUSION

Based on the forgoing, the Court **DENIES** the motion for reversal or remand (Docket No. 18) and **GRANTS** the countermotion to affirm (Docket No. 20). The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: June 9, 2022

_____
Nancy J. Koppe
United States Magistrate Judge